NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0453n.06

No. 13-3796

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 24, 2014
DEBORAH S. HUNT, Clerk

IFTIKHAR MALIK,                              )
                                             )
        Petitioner,                          )
                                             )
v.                                           )        ON PETITION FOR REVIEW
                                             )        FROM THE UNITED STATES
ERIC H. HOLDER JR., Attorney General,        )        BOARD OF IMMIGRATION
                                             )        APPEALS
        Respondent.                          )
                                             )
                                             )

Before: MOORE and KETHLEDGE, Circuit Judges; TARNOW, District Judge.[*]

KETHLEDGE, Circuit Judge.  Iftikhar Malik petitions for review of a Board of Immigration Appeals order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture.  We deny the petition.

Malik, a Pakistani citizen, entered the United States with a fake Dutch passport in 1994. He married a United States citizen in 1997, and applied for adjustment of status on that ground in 2002.  In 2004, USCIS denied that application and brought removal proceedings against Malik. The immigration judge gave Malik the opportunity to apply for asylum, and he submitted an application for asylum and withholding of removal in 2005.  The application left many critical sections blank, however. After Malik's wife passed away, he remarried in 2006 and filed supplemental applications for asylum and withholding of removal in 2007.  Four years later, an

_____

[*] The Honorable Arthur J. Tarnow, Senior Judge for the Eastern District of Michigan, sitting by designation.

immigration judge denied those applications and ordered Malik removed. The Board affirmed on the grounds that Malik's asylum application was untimely, and that his applications for withholding of removal and relief under the Convention Against Torture were meritless. This petition for review followed.

We review the Board's decision directly (and the immigration judge's decision to the extent the Board adopted it). *Umaña-Ramos v. Holder*, 724 F.3d 667, 670 (6th Cir. 2013). In doing so, we review legal conclusions de novo and factual findings for substantial evidence. *Id.*

Malik first challenges the Board's denial of his asylum application as untimely. An asylum applicant must file his application within one year of either his arrival in the United States or April 1, 1997—whichever is later. 8 C.F.R. § 1208.4(a)(2)(ii). If he fails to do so, the Board may nonetheless consider the application upon a showing of "changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay[.]" 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction over factual or discretionary questions about timeliness. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011).

Here, Malik had until April 1, 1998 to file his asylum application; he did not do so until March 2005 at the earliest. To excuse that delay, Malik cites changed circumstances in Pakistan on account of the September 11th, 2001 attacks. He also cites the extraordinary circumstances of his 2002 application for adjustment of status and the 2004 death of his wife. Whether any of these circumstances sufficed to excuse the delay, however, is a "predominately factual" question outside our jurisdiction. *Id.* at 192. We thus lack authority to review the Board's rejection of Malik's asylum application.

Malik also challenges the Board's rejection, on the merits, of his applications for withholding of removal and relief under the Convention Against Torture. An applicant for withholding of removal must show that, were he removed, his "life or freedom would be threatened" because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for relief under the Convention Against Torture must show "that it is more likely than not" that he "would be tortured if removed[.]" 8 C.F.R. § 208.16(c)(2).

Here, both applications rested primarily upon the same ground: Malik's testimony that his last name indicates membership in a lower familial caste with certain political beliefs; and that he fears persecution and torture by members of a higher familial caste—known as Rajkhans—with different political beliefs. Malik says that Rajkhans killed his father for political reasons, and later beat Malik and other members of his family.

To obtain withholding of removal, however, Malik's life or freedom must be threatened "by the government, or persons a government is unwilling or unable to control[.]" *Pilica v. Ashcroft*, 388 F.3d 941, 950-51 (6th Cir. 2004). And for relief under the Convention Against Torture, Malik must fear torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Malik offered no evidence to either end. In fact, the government hanged the man who killed his father.

The Board also denied Malik's applications because he was not credible—a finding we must uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B). Malik testified that his father was killed solely for political reasons; but the police report said his father was killed because of a personal dispute

about a kidnapped girl. Malik testified that he filed a police report after he was beaten by Rajkhans; but in an affidavit he submitted with his applications he said he did not. Malik neither restored his credibility nor supported his applications with independent evidence. We therefore have no basis to set aside the Board's credibility determination or its consequent denial of relief.

Malik also says that he is entitled to relief because his wife and children—who are United States citizens—fear persecution and torture as westerners in Pakistan. But as citizens, Malik's wife and children may remain in the United States, which means that Malik is not entitled to relief on their behalf—notwithstanding the admitted hardship of separation. *See Dieng v. Holder*, 698 F.3d 866, 876-77 (6th Cir. 2012). Malik himself testified that he would readapt into a "normal" Pakistani within a year, dispelling the concern that he would fear persecution and torture as a westerner.

The petition for review is denied.